UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL L. HUGHES, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-1334 |
| ) | Crim. Case No. 08-20027 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER AND OPINION

This matter is now before the Court on Petitioner Hughes' § 2255 Motion to Vacate, Set Aside, or Correct Sentence. For the reasons set forth below, Petitioner's Motion [1] is Dismissed.

## BACKGROUND

Petitioner Hughes filed this § 2255 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015), arguing that he should not have been sentenced as a career offender under the U.S. Sentencing Guidelines because his conviction for aggravated battery no longer qualifies as a crime of violence. Hughes pled guilty to knowingly possessing cocaine base (crack) with the intent to deliver and received an enhanced sentence of 180 months' imprisonment on April 30, 2010.

## STANDARD OF REVIEW

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that

"vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

## ANALYSIS

Hughes claims in his § 2255 Motion that his sentence is invalid because the Court found that he was eligible for an enhanced sentence as a career offender based on an aggravated battery conviction that no longer qualifies as a crime of violence under residual clause of the career offender guideline, U.S.S.G. 4B1.2(a)(2). On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

Hughes' Motion seeks to invoke *Johnson* and the subsequent Seventh Circuit decision in *United States v. Hurlburt*, ___ F.3d ___, 2016 WL 4506717 (7th Cir. Aug. 29, 2016), claiming that his prior conviction for aggravated battery fell within the residual clause of the definition of "crime of violence" under the career offender guideline. While *Johnson* only invalidated the residual clause of the ACCA, this holding was extended to the substantively similar language of

the career offender guideline in *Hurlburt*, where the Seventh Circuit held that the residual clause in 4B1.2(a)(2) is unconstitutionally vague. 2016 WL 4506717, at *7. However, the Seventh Circuit stopped short of finding that this holding can be extended to cases challenging career offender status on collateral review. This issue is pending before the Supreme Court in *Beckles v. United States*, 616 Fed.Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (2016). Unless and until the Supreme Court extends the finding that the residual clause of § 4B1.2 is retroactive to cases on collateral review, Hughes' challenge is premature.

Therefore, Hughes is not entitled to relief at this time. The case is dismissed without prejudice to refiling if and when relief is made retroactive on collateral review to afford *Johnson*-like relief to defendants sentenced as career offenders.

## CONCLUSION

For the reasons stated above, Petitioner Hughes' Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DISMISSED without prejudice as premature. This matter is now terminated.

ENTERED this 27th day of October, 2016.

    s/ James E. Shadid
    James E. Shadid
    Chief United States District Judge