E-FILED
Thursday, 08 December, 2016  02:25:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

MICHAEL L. HUGHES, )
)
       Petitioner, )
)
  v. ) Case No. 16-1334
) Crim. Case No. 08-20027
UNITED STATES OF AMERICA, )
)
       Respondent. )

## ORDER AND OPINION

This matter is now before the Court on Petitioner Hughes' Motion to Reconsider the dismissal of his § 2255 Motion to Vacate, Set Aside, or Correct Sentence, Motion for Certificate of Appealability, and Motion for Stay. For the reasons set forth below, Petitioner's Motion for Reconsideration [7] is DENIED, his Motion for Certificate of Appealability [8] is DENIED, and his Motion for Stay [9] is also DENIED.

### BACKGROUND

Petitioner Hughes filed this § 2255 action seeking to vacate, set aside, or correct his sentence pursuant to *Johnson v. United States*, 135 S.Ct. 2251 (2015), arguing that he should not have been sentenced as a career offender under the U.S. Sentencing Guidelines because his conviction for aggravated battery no longer qualifies as a crime of violence.  Hughes pled guilty to knowingly possessing cocaine base (crack) with the intent to deliver and received an enhanced sentence of 180 months' imprisonment on April 30, 2010.  The Court dismissed the § 2255 motion without prejudice as premature, given that *Johnson*-like relief has not been extended to cases attacking the career offender enhancement on collateral review.

## STANDARD OF REVIEW AND DISCUSSION

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996).  Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  *Id.,* at 1270.

Hughes' Motion correctly argues that the Seventh Circuit decision in *United States v. Hurlburt*, ___ F.3d ___, 2016 WL 4506717 (7th Cir. Aug. 29, 2016), extended the holding in *Johnson* to sentences enhanced under the residual clause of the definition of "crime of violence" for the career offender guideline.  However, the Seventh Circuit extended this holding only with respect to cases on direct review and stopped short of finding that this holding can be extended to cases challenging career offender status on collateral review, such as a § 2255 motion.  This issue is pending before the Supreme Court in *Beckles v. United States*, 616 Fed.Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (2016).  Unless and until the Supreme Court extends the finding that the residual clause of § 4B1.2 is retroactive to cases on collateral review, Hughes' challenge is premature, and his Motion for Reconsideration is denied.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right."  28 U.S.C § 2253(c)(2).  The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not

conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Hughes' claims are based on a misapplication of *Hurlburt* and are not yet ripe for consideration until the Supreme Court issues its decision in *Beckles*. Accordingly, this Court will not issue him a certificate of appealability or a stay, as the dismissal without prejudice protects his right to refile his § 2255 motion if *Beckles* opens the door by extending relief to cases challenging enhancement under the career offender guideline on collateral attack and starts the 1-year period of limitations for these types of claims.

## CONCLUSION

For the reasons stated above, Petitioner Hughes' Motion to Reconsider [7], Motion for Certificate of Appealability [8] and Motion for Stay [9] are all DENIED.

ENTERED this 8th day of December, 2016.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge